**Dennis Juarez CABARDO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70404.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided June 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., U.S. Department of Justice, for Respondent.

Before: D.W. NELSON, KOZINSKI, and GRABER, Circuit Judges.

### MEMORANDUM **

Dennis Juarez Cabardo appeals the decision of the Board of Immigration Appeals, which affirmed without opinion the decision of the immigration judge (IJ) to deny Cabardo discretionary relief from deportation. We deny the petition for review.

### 1. *Waiver under § 241(a)(1)(H)*

█ The IJ's statement that Cabardo did not occupy an "indispensable posture visa vie [sic] the family" did not unlawfully impose an additional eligibility requirement upon him. This statement was clearly made in the context of the discretionary determination rather than the eligibility requirements. As such, it was a legitimate adverse factor for the IJ to consider, and is supported by testimony from Cabardo's family members.

█ Nor did the IJ err by considering Cabardo's "failure to seek forgiveness" as an adverse factor in the balancing to determine whether to grant discretionary relief. *INS v. Yang,* 519 U.S. 26, 32, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996).

Accordingly, the IJ did not abuse his discretion in denying the discretionary waiver. *See Braun v. INS,* 992 F.2d 1016, 1019 (9th Cir.1993) (describing the standard of review).

### 2. *Suspension of Deportation*

█ The IJ did not err by retroactively applying IIRIRA's continuous physical presence requirement, which bars absences of more than 180 days, to Cabardo. *See* INA § 240A(d), 8 U.S.C. § 1229b(d) (1996). In *Ram v. INS,* 243 F.3d 510 (9th Cir.2001), we examined the transitional rules, and found clear congressional intent to apply IIRIRA's provisions regarding suspension of deportation retroactively. *Id.* at 516–17.

Because the petitioners in *Ram* were subject to paragraph (1) (the stop-time

---

provision) of § 240A(d), the panel did not explicitly address paragraph (2), which contains the rule barring absences of more than 180 days. However, Cabardo offers no reason why *Ram's* analysis of paragraph (1) would be distinguishable from paragraph (2), nor can we think of one. The transitional rule explicitly states that both paragraphs (1) and (2) of INA § 240A(d) are to apply retroactively. *See* IIRIRA § 309(c)(5), found at 8 U.S.C. § 1101 (History).

Accordingly, congressional retroactive intent is just as clear in this case as in *Ram*, and the IJ's conclusion that Cabardo was not eligible for suspension of deportation must be affirmed.

**PETITION DENIED.**

---

* Honorable Ann L. Aiken, United States District Court Judge for the District of Oregon.
** This disposition is not appropriate for publication and may not be cited to or by the